NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARTURO SANCHEZ PEREZ, JR., *Appellant.*

No. 1 CA-CR 25-0235
FILED 07-30-2026

Appeal from the Superior Court in Maricopa County
No. CR2017-002742-001
The Honorable Timothy Ryan, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph Newberg
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass[1] joined and Judge D. Andrew Gaona concurred.

---

**F O S T E R**, Judge:

**¶1**         Defendant Arturo Perez appeals the superior court's sentence of natural life for first-degree murder. Under Arizona law, if a defendant is convicted of first-degree murder while committing another crime and is over the age of 18, the court must impose a sentence of natural life. A.R.S. § 13-752(A). A defendant sentenced to natural life is ineligible for commutation, parole, work furlough, work release or release from confinement on any basis. A.R.S. § 13-751(A)(1). Following an appeal challenging his improper concurrent sentences, this Court remanded for the superior court to correct that issue. *See State v. Perez*, 1 CA-CR 22-0111, 2024 WL 1071875 (Ariz. App. Mar. 12, 2024) (mem. decision).

**¶2**         In those proceedings, the superior court affirmed Perez's sentence of natural life. Perez argues this was error because the court at his original sentencing pronounced the sentence as "life" and the superior court's jurisdiction on remand did not allow it to resentence him. But in that appeal, Perez acknowledged and this Court adopted, the original sentence as one for natural life. For this reason and because the superior court's jurisdiction on remand was limited to the concurrent sentence issue, this Court affirms.

---

[1] Judge David B. Gass was a sitting member of this Court when the matter was assigned to this panel of the Court. He retired effective June 30, 2026. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge pro tempore in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2026-87.

**FACTS AND PROCEDURAL HISTORY**

¶3        This Court previously detailed the facts of this case in its memorandum decision, *Perez*, 1 CA-CR 22-0111. This decision supplements those facts to address Perez's argument in this appeal.

¶4        A person commits first-degree murder by intentionally or knowingly causing the death of another person with premeditation or while committing another crime, including burglary. A.R.S. § 13-1105(A)(1) (pre-meditation), (2) (another crime). If a defendant was at least 18 years of age at the time of the offense, the law mandates a sentence of natural life in prison, A.R.S. § 13-752(A), and the person is not eligible for commutation, parole, work furlough, work release or release from confinement on any basis. A.R.S. § 13-751(A)(1).

¶5        In contrast, if a defendant is convicted of first-degree murder while committing another crime, the court may impose either a sentence of life or natural life. A.R.S. § 13-752(A). A sentence of life imprisonment allows for the release of a defendant after 25 years of confinement if the victim was over 15 years old. A.R.S. § 13-751(A)(2).

¶6        The superior court held a 16-day trial, after which the jury found Perez guilty of two counts of first-degree murder, a class 1 felony. (Count 1, A.R.S. § 13-1105(A)(1) (pre-meditation) and Count 2, A.R.S. § 13-1105(A)(2) (another crime)). The jury also convicted him of one count of first-degree burglary, a class 2 felony (Count 3). *See* A.R.S. §§ 13-1105(D) (first-degree murder), -1508(B) (burglary). Following the jury's verdict, the State recommended a sentence of "natural life in prison mandated by law for count 1 and for count 2." Its sentencing memorandum noted that the murder convictions required a natural life sentence under A.R.S. § 13-752(A). Perez's sentencing memorandum acknowledged that he "is not eligible for life imprisonment and must be sentenced to natural life."

¶7        During sentencing, Perez addressed the court, asserting his innocence in spite of the jury's verdict and acknowledged the mandatory natural life sentence, stating: "I never had to sit there and not take responsibility whether I'm looking at natural life in prison or not." The court then sentenced Perez to "life sentences in [C]ount 1 and [C]ount 2 consecutive to each other" with Counts 2 and 3 (burglary), to be concurrent.

¶8        Perez appealed his convictions and sentences, challenging evidentiary rulings and that the superior court improperly considered his lack of remorse in imposing consecutive sentences for the first-degree

murder counts.[2] *Perez*, 1 CA-CR 22-0111, at *3, ¶ 20. This Court affirmed Perez's convictions and first-degree burglary sentence but agreed with Perez that the court improperly considered his lack of remorse in ordering consecutive sentences on the murder convictions. *Id.* at *6, ¶¶ 37–38. Citing A.R.S. § 13-752(A), this Court stated that "[t]he [superior] court said the law required a sentence of natural life imprisonment for each first-degree murder count, but that it had to decide whether to impose concurrent or consecutive sentences." *Id.* at *3, ¶ 17. It then remanded the first-degree murder counts for resentencing. *Id.* at *6, ¶ 38.

¶9        After this Court's mandate, the superior court held resentencing proceedings. Before resentencing, Perez asked in his sentencing memorandum that the court impose two life sentences with the possibility of release after 25 years but argued they should be served concurrently. The State's memorandum requested that the sentences for the two murder counts to run consecutively and again asserted that § 13-752(A) required a sentence of natural life.

¶10       Perez attended the resentencing. There, the court ordered him to serve concurrent sentences of "two life terms" for the first-degree murder counts. The court also confirmed that the burglary sentence would be concurrent with the second murder sentence. Following the court's pronouncement, the State clarified the court's pronouncement asking: "The court [ ] called it 'life' today and I just want to be clear for the record that it means 'natural life.'" After discussion with counsel and Perez, the court then said, "My option is life, and that, as I understand it for now, means natural life. I don't have a natural life category."

¶11        Perez then inquired about the basis of the court's jurisdiction to impose natural life, and the court ultimately stated "I am not going to say life or natural life. I will let that be a decision going forward. But you are correct in the statute that applies based on the jury verdict." Perez objected to the court's oral pronouncement regarding his sentence on jurisdictional grounds and timely appealed.

¶12       This Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A).

---

[2] This Court takes judicial notice of this Court's record in Perez's prior appeal. *See State v. Rhome*, 235 Ariz. 459, 461, ¶ 8 (App. 2014) (a court may take notice "of its own records").

**DISCUSSION**

¶13 Perez argues the superior court exceeded its jurisdiction on remand when it imposed a sentence of natural life instead of life imprisonment for the first-degree murder counts. This Court reviews a superior court's jurisdiction and a court's adherence to an appellate mandate *de novo*. *State v. Donahoe*, 220 Ariz. 126, 127, ¶ 1 n.1 (App. 2009) (jurisdiction); *Bogard v. Cannon & Wendt Elec. Co., Inc.*, 221 Ariz. 325, 334, ¶ 30 (App. 2009) (mandate).

¶14 On remand, an appellate court's mandate limits a superior court's jurisdiction, especially for resentencing. *Bogard*, 221 Ariz. at 334, ¶ 30; *see State v. Serrano*, 234 Ariz. 491, 494, ¶ 9 (App. 2014) (a court in a resentencing proceeding may not act beyond its limits if the sentence is not fully vacated). Modifying a sentence on a limited remand exceeds a court's jurisdiction if the judgment and sentence is "'complete and valid' upon oral pronouncement." *Serrano*, 234 Ariz. at 494, ¶ 9; *see State v. Healer*, 246 Ariz. 441, 448, ¶ 19 (App. 2019). Thus, the issue here is the scope of the mandate and whether the court modified its original sentence, exceeding its jurisdiction on remand. *See State v. Guthrie*, 110 Ariz. 257, 258 (1974) (superior courts do not have jurisdiction to modify an original judgment without a mandate from an appellate court).

¶15 This Court's remand limited the superior court to determine whether the sentences for the first-degree murder convictions should be served consecutively, which the court considered. *See Perez*, 1 CA-CR 22-0111, at *6, ¶¶ 37–38. The mandate did not provide for a change in the sentence between life and natural life, so this Court's analysis turns to whether the superior court modified the original sentence.

¶16 The record shows the superior court imposed a natural life sentence at the original sentencing. Before the original sentencing, the State noted that law dictated a "natural life" sentence and Perez acknowledged the same. At sentencing, Perez's counsel stated that "the defense position for sentencing w[as] laid out in the sentencing memorandum," which cited natural life for the murder convictions, and "I'd ask that the [c]ourt follow the request made in the sentencing memorandum." In sentencing Perez, the court reasoned that

> [u]nder the law, there is nothing, other than life in prison, on the first two counts. There is no legal sentencing that I can impose, other than life.
>
> . . .

> [I]f you're convicted of this charge, there's no such thing as
> life with possibility of parole in 25 years. That—that doesn't
> exist.

*See* A.R.S. § 13-751(A)(1); *Chaparro v. Shinn*, 248 Ariz. 138, 141, ¶ 11 (2020)
("An order sentencing the defendant to natural life is not subject to
commutation or parole, work furlough or work release.") (cleaned up). The
court then noted that "the only thing left for the court to consider is whether
[] counts 1 and 2 should be concurrent or consecutive," because the jury
convicted Perez of premeditated and felony murder, implicating §§ 13-
751(A)(1) and -752(A). Though the court's sentencing order reflected a
"term of life" for each of the first-degree murder convictions and identified
the offense under § 13-1105(A)(2), the record reflects that the jury convicted
Perez of "first-degree murder" that was "[b]oth premeditated murder and
felony murder." And the oral pronouncement of a life sentence,
accompanied by language that there was no possibility of parole, supports
the conclusion that the court imposed natural life sentences at the original
sentencing. *State v. Hanson,* 138 Ariz. 296, 304–05 (App. 1983) (where a
conflict exists between the oral pronouncement and the record, the oral
pronouncement controls). Thus, the record shows the court followed the
mandate of § 13-751(A)(1) and -752(A) to impose natural life sentences and
Perez acknowledged such in his appellate pleadings.

¶17            Perez conceded this point in his earlier appeal challenging the
superior court's order. Perez's opening brief stated "the trial court decided
to impose the two natural-life-imprisonment sentences consecutively,
instead of concurrently." His brief also stated "the trial court made a legal
error when the court based its consecutive-or-concurrent sentencing
decision for the two natural-life imprisonment terms." This Court adopted
Perez's statements on his natural life sentences as part of its decision in
Perez's appeal. *See Perez*, 1 CA-CR 22-0111, at *3, ¶¶ 17–18.

¶18            At resentencing, the State asked "for the only sentence which
is appropriate, which is natural life in prison mandated by law for count 1
and for count 2," but the mandated sentence was no longer at issue. *See
Perez*, 1 CA-CR 22-0111, at *6, ¶¶ 37–38 (the court's imposition of
consecutive sentences improperly relied on Perez's lack of remorse due to
a claim of innocence and not vacating the original sentence). Perez then
disputed that the superior court originally sentenced him to natural life and
claimed he was sentenced to only life terms, which would allow him to be
eligible for release. *See* A.R.S. § 13-751(A)(1). Perez admitted that the law
required natural life sentences, but argued that the State failed to challenge
the oral pronouncement of life sentences at the original sentencing and

therefore the life sentences were final, even though they were contrary to §§ 13-751(A)(1) and -752(A).

¶19        Similar to the original sentencing, the superior court at resentencing orally pronounced that both first-degree murder counts were to be *concurrent* life terms, addressing the issue for which this Court remanded. This imprecise language caused the State to clarify the court's use of the term "life" and its pronouncement. The court clarified "[n]atural life under the statute." *See State v. Gomez*, 211 Ariz. 494, 501, ¶ 35 n.7 (2005) ("As we have previously emphasized, trial judges should clearly identify the specific statute under which they are sentencing a criminal defendant in order to facilitate appellate review."); *State v. Hancock*, 27 Ariz. App. 164, 167 (1976) ("When sentence is imposed the court should state with care the precise terms of the sentence which is imposed.") (cleaned up); *State v. Owen*, 2 Ariz. App. 580, 582 (1966) ("[A] sentence must be certain, definite and consistent in all its terms, and not ambiguous, and not be open to any serious misapprehensions by those who must execute it.") (cleaned up).

¶20        As the entire appellate record reflects, the court sentenced Perez to two natural life terms. This Court's limited remand was to correct the error identified in Perez's appeal that his sentences were to be served consecutively. *See Serrano*, 234 Ariz. at 494, ¶ 9 (a court's power to modify a sentence post-trial is limited to the Criminal Rules and within the exercise of its jurisdiction on remand). The court made the correction without changing Perez's original mandatory sentences as acknowledged by Perez in his appeal. It therefore did not exceed its jurisdiction on remand.

## CONCLUSION

¶21        This Court affirms.

**G A O N A**, Judge, concurring:

¶22       I concur in the Court's decision to affirm Perez's sentence, but I cannot join the majority's categorical assertion, *see supra* ¶ 16, that "[t]he record shows the superior court imposed a natural life sentence at the original sentencing." The record is more nuanced, making the question of the superior court's jurisdiction on remand closer than it may seem. And absent Perez's concessions to this Court in his first appeal—concessions this Court adopted—I might even agree that the superior court lacked jurisdiction to sentence him to natural life.

¶23       In the realm of final judgments that appellate courts review, the sentence in a criminal case may be the only type in which the court's spoken words may matter more than what's ultimately reduced to writing. *Compare State v. Whitney*, 159 Ariz. 476, 487 (1989) (in criminal cases, "[o]ral pronouncement in open court controls over the minute entry"), *with Farnsworth v. Hubbard*, 78 Ariz. 160, 172 (1954) (in civil cases, "[t]he judgment as signed and filed by the court . . . resolve[s] any prior inconsistency" with the "oral rendition from the bench"). And as the majority ably recounts, *see supra* ¶ 19, a long line of precedent requires sentencing courts to be clear and precise when pronouncing a sentence. The liberty interests at stake require no less.

¶24       The majority focuses on the superior court's statement at one point during the sentencing hearing that "there's no such thing as life with possibility of parole in 25 years." The problem, however, is that the court didn't impose its sentence until sometime later, and when doing so never said the sentence was for "natural life," "life without the possibility of parole," or even "life" under the statutes that compel a natural life sentence. At most, the superior court referenced a "life" sentence without further detail. This lack of clarity carried over to the minute entry from the sentencing hearing, which reflected only that the court imposed a "term of life" on the first-degree murder convictions, and to the order of confinement, which reflected "Life." Compare the superior court's imprecise language in Perez's original sentencing hearing with what it ultimately said—only after the State requested clarification—at Perez's resentencing after remand: that Perez's sentence was for "[n]atural life under the statute."

¶25       But whatever question there may have been about Perez's sentence, his briefing in his first appeal conceded the point despite this question not being at issue in that appeal. *See supra* ¶ 17 ("the trial court decided to impose the two natural-life-imprisonment sentences

consecutively, instead of concurrently"). We accepted that concession in our decision. *Perez*, 1 CA-CR 22-0111, at *3, ¶ 18 ("The court sentenced Perez to 5 years' imprisonment for the first-degree burglary count, concurrent with *the natural life sentence* in count 2.") (emphasis added). That leaves us with nothing to do on direct appeal other than affirm.

**¶26**      I thus concur in the Court's judgment. But this appeal proves that this Court's words from half a century ago bear repeating: "[w]hen sentence is imposed the court should state with care the precise terms of the sentence which is imposed." *Hancock*, 27 Ariz. App. at 167 (cleaned up).

